UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT SCOTT INGRAM, | |
| Petitioner, | Case No. C19-2025-RAJ-MAT |
| v. | |
| STATE OF WASHINGTON, *et al.*, | REPORT AND RECOMMENDATION |
| Respondents. | |

Petitioner Robert Ingram is a state prisoner who is currently confined at the Washington State Penitentiary in Walla Walla, Washington. He has presented to this Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 and an application to proceed with this action *in forma pauperis*. (Dkts. 4, 4-1.) Petitioner indicates in his petition that he is seeking to challenge on speedy trial grounds a misdemeanor case pending against him in King County District Court. (*See* Dkt. 4-1 at 3-4.) Petitioner asserts that he sent motions to the King County District Court seeking disposition of the pending case in accordance with RCW 9.98.010, thus activating the 120-day period during which he must be brought to trial under the statute. (*See id*. at 4; Dkt. 4-2 at 1.) When petitioner was not brought to trial within that 120-day period, he filed a motion to dismiss with the district court under RCW 9.98.020, and thereafter filed multiple motions to dismiss with

REPORT AND RECOMMENDATION
PAGE - 1

the King County Superior Court, none of which has resulted in any substantive action being taken with respect to the pending district court case. (*See id.*)

Petitioner appears to be asking this Court to now dismiss the King County District Court case given the failure of the state courts to respond to the speedy trial issue he has repeatedly brought before them. (*See* Dkt. 4-1 at 5; Dkt. 4-2 at 1.) Petitioner's request is based upon application of the two state statutes referenced above, RCW 9.98.010 and RCW 9.98.020.

RCW 9.98.010 provides in pertinent part as follows:

(1) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of this state, and whenever during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he or she shall be brought to trial within one hundred twenty days after he or she shall have caused to be delivered to the prosecuting attorney and the superior court of the county in which the indictment, information or complaint is pending written notice of the place of his or her imprisonment and his or her request for a final disposition of the indictment, information, or complaint. . . . The request of the prisoner shall be accompanied by a certificate of the superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the indeterminate sentence review board relating to the prisoner.

(2) The written notice and request for final disposition referred to in subsection (1) of this section shall be given or sent by the prisoner to the superintendent having custody of him or her, who shall promptly forward it together with the certificate to the appropriate prosecuting attorney and superior court by certified mail, return receipt requested.

RCW 9.98.020 provides that if an action is not brought to trial within the time period specified in RCW 9.98.010(1), "no court of this state shall any longer have jurisdiction thereof, nor shall the untried indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

It is not clear from the materials submitted by petitioner that the action currently pending

REPORT AND RECOMMENDATION
PAGE - 2

in King County District Court falls within the statutory provisions set forth above which specifically reference only an "untried indictment, information, or complaint." Petitioner provides few details regarding the pending district court case save for the case number and a description of the case as a misdemeanor. (*See* Dkt. 4-1 at 2.) Petitioner does not indicate whether the case was initiated by a complaint or a citation, a potentially relevant distinction here.

Even assuming petitioner's pending district court case does fall within the scope of the above statutes, nothing in the materials submitted by petitioner demonstrates that he has properly complied with the provisions of RCW 9.98.010 which specifically requires that any request for final disposition of a pending charge be sent by the prisoner to the superintendent of the facility having custody of him. The superintendent then has a responsibility to compile and certify certain information from the prisoner's prison record and forward the prisoner's request for final disposition and the certification to the appropriate prosecuting attorney and superior court. *See* RCW 9.98.010(1), (2). It appears that petitioner made his requests for disposition outside the process provided for under state law by sending the requests directly to the district court. As petitioner has not properly complied with the procedure designated under state law for requesting disposition of his pending case, any request for this Court's intervention, if appropriate at all, is premature.

Based on the foregoing, this Court recommends that petitioner's federal habeas petition and this action be dismissed. This Court further recommends that petitioner's application to proceed with this action *in forma pauperis* be denied as moot. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report

REPORT AND RECOMMENDATION
PAGE - 3

and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 28, 2020**.

DATED this 5th day of February, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4